**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 22-80(2) (DWF/DTS) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Kendarrius Keshaun Willard, | |
| Defendant. | |

## INTRODUCTION

Defendant Kendarrius Keshaun Willard moves to suppress evidence obtained as a result of a search and seizure. (Doc. Nos. 79, 81.) In a Report and Recommendation ("R&R"), Magistrate Judge David T. Schultz recommended that Willard's motions be denied. (Doc. No. 103.) Willard filed an objection to the R&R (Doc. No. 105), and United States of America (the "Government") responded (Doc. No. 108). After an independent review of the record and the objection, the Court adopts the R&R and denies Willard's motions.

## DISCUSSION

The Court had conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that the search warrant contained a sufficient nexus between the suspected criminal activity and Willard's residence. The search warrant stated that two months prior to the warrant application, Willard was arrested after a high-speed chase and officers located three handguns and multiple rounds of ammunition in a vehicle he was driving. After Willard's arrest, Willard began posting photos of himself on social media posing with firearms, leading officers to believe Willard was "actively involved in the illegal possession of firearms." (Gov't Ex. 1 at 3.) During the pre-warrant investigation, officers also found evidence linking Willard to a burglary. Home surveillance footage captured video of Ladarius Jaleel Snipes burglarizing a home in Saint Paul. Facebook location data from Snipes's account indicated that Snipes was near Willard's residence shortly after the burglary. Evidence from Willard's phone also showed that he was in regular communication with Snipes. Given the totality of the circumstances, the Magistrate Judge concluded that probable cause existed to suspect evidence related to the burglary and illegal firearm possession would be found at Willard's residence. Moreover, the Magistrate Judge determined that the warrant was sufficiently particular as the criminal activity was linked to Willard and his residence at 6941 Meadowbrook Boulevard.

The Magistrate Judge further concluded that the seizure of an Apple iPhone 13 from Willard's residence during the search was lawful because the warrant covered photographs of firearms and the officers had knowledge of the fact that Willard had posted photos with firearms on his social media. Moreover, the Magistrate Judge reasoned, even if the search warrant had not authorized the search and seizure of the

2

phone, additional probable cause arose when officers learned during the search that Willard texted someone a photo of a firearm. Therefore, the officers were authorized to temporarily seize the Apple iPhone 13 while they obtained a separate search warrant.[1]

Willard objects to the R&R, arguing that the search warrant lacked probable cause and was insufficiently particularized. He further argues the officers did not have probable cause to seize the Apple iPhone 13 during the search. Finally, Willard asserts that the *Leon* good faith exception does not apply because a reasonable officer would not have relied on the search warrant.

After a careful review of Willard's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's conclusions. To begin, the Court agrees with the Magistrate Judge that there was a sufficient nexus between the contraband being sought and Willard's residence to find probable cause for a search warrant. To establish probable cause, a warrant application and affidavit must show a "fair probability" that evidence of a crime will be found in a particular place. *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009) (internal quotations and citation omitted). While Willard focuses on evidence of the burglary, the affidavit also stated that, based on Willard's social media posts, officers believed that Willard was "actively involved in the illegal possession of firearms." (Gov't Ex. 1 at 3; *see United States v. Poe*, No.15-cr-189, 2015 WL 5970670, at *1 (D. Minn. Oct. 13, 2015)

---

[1]  The Magistrate Judge additionally concluded there was probable cause to search Willard's alleged phone number because cell phone location data could provide Willard's movements around the time of the burglary. Willard does not object to this finding, and upon review, the Court finds no clear error.

(concluding that probable cause existed to search the defendant's apartment because the defendant's Facebook posts suggested that he possessed a gun and therefore there was a reasonable probability that the firearm would be located at the apartment).)

The affidavit additionally listed evidence connecting Willard to the burglary. Facebook location data showed Snipes near Willard's residence shortly after the burglary, and Willard's phone data showed that he was in regular communication with Snipes. Considering the totality of the circumstances, the Court agrees with the Magistrate Judge that these facts established a fair probability that contraband from Willard's illegal possession of firearms and the burglary would be at Willard's residence, and therefore probable cause was established. Moreover, the warrant was sufficiently particular as evidence of his illegal possession of firearms and evidence of the burglary were linked to both Willard himself and his residence.

Willard argues that *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000), is similar to this case. In *Herron*, the defendant's relative was suspected of growing marijuana on the relative's farm. *Id.* at 813. The relative had stayed with the defendant months before the search warrant was issued. *Id.* While the relative was suspected of growing marijuana, there was nothing connecting that crime with the defendant's residence, aside from the defendant's familial relation to the suspect. *Id.* at 814. These facts are distinguishable from this case, as Willard himself was suspected of illegally possessing firearms based on his own social media posts. And unlike *Herron*, where the defendant's relative stayed with the defendant months before the suspected criminal activity, evidence suggests that Snipes went to Willard's residence within hours after a

burglary.  *Herron* does not require the Court to depart from the Magistrate Judge's conclusions.

Furthermore, the Court agrees with the Magistrate Judge that the warrant established probable cause to seize the Apple iPhone 13.  The search warrant provided evidence that Willard was illegally in possession of firearms and authorized the search and seizure of photographs of firearms.[2]

Finally, even if probable cause to issue the search warrant did not exist, the *Leon* good faith exception would apply, as the officers' reliance on the search warrant was objectively reasonable.  The *Leon* good faith exception applies unless the officers were "entirely unreasonable" in believing probable cause existed.  *United States v. Ross*, 487 F.3d 1120, 1122 (8th Cir. 2007) (internal quotation and citation omitted).  Here, the search warrant affidavit included evidence that Willard was illegally in possession of firearms, as he was posting images of himself on social media with firearms.  Moreover, the search warrant provided evidence that Snipes—who Willard was in regular communication with—went to Willard's residence shortly after a burglary.  Moreover, both the issuing judge and Magistrate Judge Schultz independently reviewed the affidavit and found sufficient indicia of probable cause to justify the search.  *See id.* at 1123 (the fact that multiple judges independently reviewed the warrant application and concluded that probable cause existed "support[ed] the conclusion that the officers reasonably relied

---

[2]    Moreover, additional probable cause to temporarily seize the phone was established when officers learned during the search that Willard texted someone a picture of a firearm's serial number—further evidence that Willard illegally possessed a firearm.

5

on the affidavit and warrant"). The Court concludes that the officers' reliance on the affidavit was not "entirely unreasonable" and thus the *Leon* exception applies.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Willards's objection (Doc. No. [105]) to Magistrate Judge David T. Schultz's January 11, 2023, Report and Recommendation is **OVERRULED.**

2. Magistrate Judge David T. Schultz's January 11, 2023, Report and Recommendation (Doc. No. [103]) is **ADOPTED.**

3. Willard's motions to suppress evidence obtained as a result of a search and seizure (Doc. Nos. [79], [81]) are **DENIED.**

Dated: March 8, 2023                             s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge

on the affidavit and warrant").  The Court concludes that the officers' reliance on the affidavit was not "entirely unreasonable" and thus the *Leon* exception applies.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Willards's objection (Doc. No. [105]) to Magistrate Judge David T. Schultz's January 11, 2023, Report and Recommendation is **OVERRULED.**

2. Magistrate Judge David T. Schultz's January 11, 2023, Report and Recommendation (Doc. No. [103]) is **ADOPTED.**

3. Willard's motions to suppress evidence obtained as a result of a search and seizure (Doc. Nos. [79], [81]) are **DENIED.**

Dated:  March 8, 2023                             s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge